IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JESUS H. SALCEDO (01),<br><br>    Defendant. | Case No. 16-40040-01-DDC |

## MEMORANDUM AND ORDER

Defendant Jesus Salcedo has filed a pro se[1] Motion for Compassionate Release. Doc. 66. Mr. Salcedo asserts that his health problems present an extraordinary and compelling reason for his release due to the COVID-19 pandemic. But, the court finds, none of Mr. Salcedo's arguments present an extraordinary and compelling reason for compassionate release. The court thus denies Mr. Salcedo's motion. The court explains this decision, below.

**I. Background**

On November 6, 2017, Mr. Salcedo entered a guilty plea (Doc. 44 (Petition to Enter Plea of Guilty and Order Entering Plea)) to one count of possession and access with intent to view child pornography, a class C Felony under 18 U.S.C. §§ 2252(a)(4)(B) and 2256. Doc. 46 at 1 (Presentence Investigation Report, "PSR"). On February 20, 2018, the court sentenced him to 78 months' imprisonment, five years of supervised release, a $100 fine, and $9,000 restitution. Doc. 53 (J. in a Criminal Case). His projected good time release date is some eight months from

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

now.  *See* Jesus H. Salcedo (Reg. No. 28052-031) (last visited Nov. 22, 2022),

https://www.bop.gov/inmateloc/.

      Mr. Salcedo filed this Motion for Compassionate Release on August 15, 2022.  Doc. 66.  The government responded on August 18, 2022.  Doc. 67.

**II.**      **Legal Standard**

      "Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  This exception permits district courts to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements).  Our Circuit has held that this exhaustion requirement is a claim-processing rule that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

      Separate from this exhaustion requirement, the court applies a three-step substantive analysis to motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district

---

[2]    Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief."  *See Maumau*, 993 F.3d at 830 (emphasis added).

court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.*  Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).  The Tenth Circuit has held that it does not view the first step in § 3582(c)(1)(A)—"extraordinary and compelling" reasons—as jurisdictional. *See Hald*, 8 F.4th at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not address the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837.  So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

### III. Analysis

*First*, the court considers whether Mr. Salcedo has exhausted his administrative remedies. The government concedes that Mr. Salcedo has exhausted his administrative remedies through the BOP.  Doc. 67 at 4; *see also* Doc. 67-1; Doc. 67-2.  So, the court's analysis will move to the next step.

*Second*, the court must determine whether Mr. Salcedo presents "extraordinary and compelling" reasons for compassionate release.  Mr. Salcedo states that he has many medical conditions, including kidney failure, hypertension, anemia, and bottom wounds from sitting in a wheelchair.  Doc. 66 at 12.  The government notes that Mr. Salcedo's medical records confirm

he is receiving treatment for all his listed conditions.  Doc. 67 at 7.  The government thus argues Mr. Salcedo's health conditions do not present extraordinary and compelling circumstances because he is receiving adequate treatment from the BOP for his conditions.  Doc. 67 at 7–8.  Mr. Salcedo has not replied contesting the government's assertion.  So, the court has no reason to disbelieve the government's assertion.

To be sure, the CDC recognizes that certain medical conditions—like spinal cord injuries and kidney failure—can increase a person's risk for severe complications from COVID-19.  *See People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Nov. 22, 2022).  Mr. Salcedo argues that his medical conditions increase his risk of severe complications from COVID-19.  But, the government notes that Mr. Salcedo received his second dose of the Moderna vaccine against COVID-19 in February 2022.  Doc. 67 at 7.  In a footnote, it also notes that Mr. Salcedo tested positive for COVID-19 on December 31, 2020 and sustained no ill effects as a result.  *Id.* at 7 n.3.  Our Circuit held (albeit in an unpublished opinion) that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'"  *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release").[3]  Thus, mindful of the

---

[3]   It appears that several district courts in our Circuit—including our court—have adhered to this recent direction from the Circuit.  Following *McRae*, those courts have concluded that when a defendant has had access to the COVID-19 vaccine, incarceration during the pandemic doesn't suffice, on its own, as an extraordinary and compelling reason for a sentence reduction.  *See United States v. Smith*, No. 2:13-

Circuit's guidance, the court concludes that Mr. Salcedo's incarceration during the pandemic is not an extraordinary and compelling reason to reduce his sentence.

A.      § 3553(a) factors

*Finally*, if Mr. Salcedo had presented extraordinary and compelling reasons for compassionate release, the court then would have to consider the sentencing factors in 18 U.S.C. § 3553(a). Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

The § 3553(a) sentencing factors do not justify a sentence reduction. Mr. Salcedo committed a serious felony offense. He pleaded guilty to one count of possession with intent to view child pornography. Doc. 46 at 1. The PSR includes letters from multiple victims his crime affected. *Id.* at 7–28 (PSR ¶¶ 26–135). Notably, the Presentence Report recommended a guidelines range of 97 to 120 months' imprisonment. *Id.* at 34 (PSR ¶ 182). But the court granted a variance from the guideline range and sentenced Mr. Salcedo to 78 months' imprisonment. *See* Doc. 62 at 3 (Am. Statement of Reasons). This sentence was significantly below the guidelines range. Reducing that sentence to home confinement, as Mr. Salcedo now requests, wouldn't adequately reflect the seriousness of his offense, nor promote respect for our

---

cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 2022); *United States v. Garcia-Patino*, No. 17-20038-18-DDC, 2022 WL 1223642, at *2–3 (D. Kan. Apr. 26, 2022); *United States v. Logan*, No. 07-20090-01-KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States v. Oaks*, No. 18-CR00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United States v. Duran*, No. 1:15-CR27 TS, 2022 WL 844433, at *1 n.3 (D. Utah Mar. 22, 2022).

laws.  While Mr. Salcedo's incarceration is nearly complete, the § 3553(a) factors do not warrant an early release.

## IV. Conclusion

As explained above, the court denies Mr. Salcedo's motion for two independent reasons: (1) he does not present an extraordinary and compelling reason for compassionate release, and (2) the § 3553(a) factors do not favor compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Salcedo's Motion for Compassionate Release (Doc. 66) is denied.

**IT IS SO ORDERED.**

**Dated this 1st day of February, 2023, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**